IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BERNARD SMITH,    #00360-016, | ) Civil Action No.  3:07-65-MBS-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BUREAU OF PRISONS, Mid Atlantic Regional | ) |
| Office; UNITED STATES OF AMERICA, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |
| ———————————————————— | ) |

Plaintiff filed this action, pro se, on January 8, 2007 against Defendant Bureau of Prisons ("BOP").[1]  Plaintiff amended his complaint on February 26, 2007 to add the United States of America as a Defendant.  On June 18, 2007, Defendants filed a motion to dismiss or in the alternative for summary judgment.  Plaintiff, because he is proceeding pro se, was advised on June 20, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint.  Plaintiff filed a response on July 30, 2007.

STANDARD FOR MOTION TO DISMISS

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355

_____

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC.  Because these are dispositive motions, this report and recommendation is entered for review by the court.

U.S. 41, 45-46 (1957),[2] Revene v. Charles County Comm'rs, 882 F.2d 870, 872.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (1993), cert. denied, American Home Products Corp. v. Mylan Labs., Inc., 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).  A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys.  Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines v. Kerner, 404 U.S. 519 (1972).   When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have its motion to dismiss granted.  Fed. R. Civ. P. 12(b)(6).

FACTS

Plaintiff is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill").  He was convicted in the District of Columbia of rape and assault with a deadly weapon in violation of the D.C. Code.  He also has a probation violation term.  He is serving an aggregate term of seventeen years to life.  Plaintiff is eligible for parole and will have his next parole hearing in April 2008.  See Defendants' Motion for Summary Judgment, Ex. A.

---

[2]In Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (U.S. May 21, 2007), the Supreme Court applied a different standard in considering a motion to dismiss in an antitrust case.  In place of the approach in Conley, the Supreme Court looked to see whether the complaint contained "enough facts to state a claim to relief that is plausible on its face," and it held that in the case before it, "the plaintiffs here have not nudged their claims across the line from conceivable to plausible," such that dismissal was required. Id. at 1974.  As this case and the motion to dismiss were filed prior to the Supreme Court's decision in Twombly, the undersigned has applied the standard used in Conley.

Plaintiff was originally housed in BOP custody as a state boarder from the D.C. Department of Corrections in September 1980. He left BOP custody in November 1991 and did not return to federal custody until September 2000 (Complaint at 3),[3] after implementation of the D.C. Revitalization Act (the "Act").[4] Under the Act, all inmates in the D.C. Department of Corrections were transferred to the BOP or facilities contracted by the BOP. See D.C. CODE § 24-101(a) and (b). All D.C. offenders transferred under this section "shall be subject to any law or regulation applicable to persons committed for violations of the laws of the United States consistent with the sentence imposed, and the Bureau of Prisons shall be responsible for the custody, care, subsistence, education, treatment and training of such persons." D.C. CODE § 24-101(b).

Plaintiff arrived at the United States Penitentiary, Lee County, Virginia ("USP Lee") in September 2002. At the time, participation in drug abuse education programs was mandatory for offenders if they were sentenced or returned to custody as a violator after September 30, 1991 and (1) there was evidence that drug or alcohol use contributed to the commission of the current offense, (2) drug or alcohol use contributed to the violation behavior, or (3) the sentencing judge recommended drug programming. 28 C.F.R. § 550.54(a)(1). Inmates may choose to participate in the program when space is available. 28 C.F.R. § 550.54(a)(2). Sanctions, including remaining at the lowest pay grade for prison jobs and not being eligible for community programs, are applied to those who are required to participate, but chose not to do so.

---

[3]Defendants dispute this date, stating that this must be a typographical error because Plaintiff was returned to BOP custody in September 2002.

[4]The Act is formally know as Section 11201 of Chapter 1 of Subtitle C of Title XI of the National Capital Revitalization and Self-Government Improvement Act of 1997. See Publ. L. 105-33, 111 Stat. 740 (August 5, 1997). The Act is codified in Title 24, Chapter 12 of the D.C. Code.

DISCUSSION

Plaintiff alleges <u>Bivens</u>[5] claims and claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 <u>et</u> <u>seq.</u>  He claims that Defendants' staff improperly required him to participate in a drug abuse education program.  He claims to be harmed by being denied raises and bonuses at his prison work assignment, by being held at the lowest pay grade, and being denied Community Corrections Center ("CCC", also known as a half-way house) placement.  Complaint at 4.  Plaintiff appears to assert that he should not be required to complete the drug abuse education program because he was sentenced prior to September 1991 and he received a certificate showing he completed the "educational phase" of a drug abuse and alcoholism program while incarcerated in the D.C. Department of Corrections.  <u>See</u> Attachment to Complaint. Plaintiff claims he has suffered "physical, mental, and emotional stress, headaches and PTSS."  Complaint at 6.  He seeks $500,000 in damages for personal injury, but states he is willing to settle the matter for $30,000.  Complaint at 7. Defendants contend that: (1) this court lacks jurisdiction as to Plaintiff's constitutional claims against the United States; (2) Plaintiff's <u>Bivens</u> claims should be dismissed because Plaintiff failed to name any individual defendants and failed to exhaust his administrative remedies; (3) Plaintiff's IFP status should be revoked and his case dismissed because he had at least three suits dismissed previously for a failure to state a claim; (4) all claims should be dismissed for failure to comply with Federal Rule 8(a)(2); (5) Plaintiff's <u>Bivens</u> claims are barred by the applicable statute of limitations; (6) the pleadings do not state a case upon which relief can be granted; (7) negligence does not state a valid constitutional claim; (8) the Prison Litigation Reform Act ("PLRA") precludes recovery for

_____

[5]<u>See</u> <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971).

emotional damages in this action; and (9) Plaintiff fails to state a prima facie claim of negligence under the FTCA.

1.     Bivens Claims

In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law.  See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982).  Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official.  In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983.  In other words, case law involving § 1983 claims is applicable in Bivens actions and vice versa.  Farmer v. Brennan, 511 U.S. 825 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Osabutey v. Welch, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 & n. 2 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

Defendants contend that Plaintiff's Bivens claim should be dismissed because the BOP is not a proper defendant in a Bivens claim, this court lacks subject matter jurisdiction as to Plaintiff's constitutional claims against the United States, Plaintiff failed to name a proper defendant in the Bivens claim, the Bivens claim is barred by the applicable statute of limitations, negligence is not actionable under Bivens, and the PLRA precludes recovery for emotional damages.


a.     Jurisdiction

5

This court lacks subject matter jurisdiction as to Plaintiff's <u>Bivens</u> claims. The United States cannot be sued without its consent, and consent is a prerequisite to a suit against the United States. <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983). The United States has not consented to suit under the <u>Bivens</u> doctrine. The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. <u>Gilbert v. Da Grossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985); <u>cf</u>. <u>Hawaii v. Gordon</u>, 373 U.S. 57, 58 (1963). A <u>Bivens</u> claim cannot be brought against a federal agency such as the BOP. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994). Additionally, claims against Defendants in their official capacities are barred by the doctrine of sovereign immunity. <u>See</u> <u>Hagemeier v. Block</u>, 806 F.2d 197, 202 (8th Cir. 1986), <u>cert</u>. <u>denied</u>, 481 U.S. 1054 (1987); <u>Gilbert</u>, 756 F.2d at 1458.[6]

        b.      <u>Exhaustion</u>

Defendants contend that Plaintiff failed to exhaust his available administrative remedies as to his <u>Bivens</u> claims. The BOP has a three-tiered administrative grievance process. <u>See</u> 28 C.F.R. §§ 542.10 <u>et</u> <u>seq</u>.; <u>see also</u> <u>Gibbs v. Bureau of Prison Office, FCI</u>, 986 F.Supp. 941, 943 (D.Md.1997). An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the Warden. 28 C.F.R. § 542.14. The matter will be investigated, and a written response provided to the inmate. <u>Id</u>. If

---

[6]In his opposition memorandum, Plaintiff contends that he intended to sue certain individuals in this action. In his original Complaint, Plaintiff refers to certain individuals as defendants, but did not name them in his complaint. Further, it appears that any attempt to add these individuals as defendants would be futile, as Plaintiff has not exhausted his administrative remedies as to his <u>Bivens</u> claims. Further, Plaintiff alleges negligence claims which are not actionable under <u>Bivens</u>, as discussed below.

dissatisfied with the response, the inmate may appeal to the Regional Director.  28 C.F.R. § 542.15(a).  If dissatisfied with the regional response, the inmate may appeal to the General Counsel.  Id.  Appeal to the General Counsel is the final level of agency review.  28 C.F.R. § 542.15(a).  A claim has not been administratively exhausted until it has been filed with the General Counsel.  Administrative complaints must be filed within 20 days of the date of incident giving rise to the complaint occurred.  28 C.F.R. § 542.14(a).

Defendants provide that the BOP records all administrative remedy filings in an electronic database which reflects any attempt to file a grievance at each of the three levels.  Defendants' Ex. B (Sentry Administrative Remedy Log).  They further provide that the record reflects that Plaintiff has not exhausted his administrative remedies as Plaintiff filed an initial claim in June 30, 2003, concerning the requirement that he participate in the drug abuse education program (Remedy ID Number 303237); Plaintiff received a response to this complaint from the Warden on July 15, 2003; and Plaintiff did not appeal the response to the Regional or Central Office.  Defendants' Ex. B.  In his memorandum in opposition to summary judgment, Plaintiff attached documents he claims show that he exhausted his administrative remedies.  The attached documents, however, are only requests to staff members and do not show that Plaintiff exhausted his administrative remedies by appealing his claim to the Regional Director and the General Counsel.

c.    Statute of Limitations

Defendants contend that any Bivens claim should be dismissed because Plaintiff failed to comply with the applicable statute of limitations.  State law concerning limitation of actions applies in claims brought under § 1983 and in Bivens actions.  See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); Owens v. Okure, 488 U.S.

235 (1989); <u>Reinbold v. Evers</u>, 187 F.3d 348 (4th Cir. 1999)[Table].  In Virginia,[7] an action for personal injuries generally must be brought within two years of the accrual of the action.  <u>See</u> Va. Code Ann. § 8.01-243(A)("Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery...shall be brought within two years after the cause of action accrues."); <u>see</u> <u>Ranney v. Nelson</u>, 176 Fed. Appx. 405, 407-08 (4th Cir. 2006). Although a statute of limitations period is borrowed from state law, the question of when a civil right cause of action accrues remains a question of federal law.  <u>See</u> <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 955 (4h Cir. 1995); <u>Cox v. Stanton</u>, 529 F.2d 47, 50 (4th Cir. 1975). Under federal law a cause of action accrues when the plaintiff possess sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.  <u>United States v. Kubrick</u>, 444 U.S. 111, 122-24 (1979); <u>Nasim</u>, 64 F.3d at 955.

Plaintiff's <u>Bivens</u> action is barred by the applicable statute of limitations.  Here, Plaintiff claims that the alleged harm occurred initially on October 3, 2002.  Complaint at 4.  Plaintiff's attachments to the Complaint demonstrate that he was aware of the alleged problem at least by 2003 and that he complained to staff at USP Lee in March 2003, June 2003, and November 2004.  He, however, did not file this action until January 2007, more than two years after the cause of action accrued.

d.     <u>Negligence</u>

---

[7]Plaintiff was housed at USP Lee in Virginia at the time he alleges he was required to complete the drug abuse education program.

As noted above, Plaintiff alleges that Defendants were negligent in determining that he was required to attend the drug abuse education program, resulting in injury to him. Defendants contend that negligence does not state a valid constitutional claim. Negligence, in general, is not actionable under 42 U.S.C. § 1983 or under the Bivens doctrine. See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); and Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987).

e.     Emotional Damages

Plaintiff alleges that Defendants' actions caused him "mental [] and emotional stress, headaches, and PTSS." Defendants contend that the PLRA precludes recovery for emotional damages.

There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[8]

---

[8]The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

42 U.S.C. § 1997e(e).  Here, the PLRA precludes recovery for emotional damages as Plaintiff has not demonstrated any physical injury that is more than de minimis.

           e.       <u>Ex Post Facto</u>

           In his Complaint, Plaintiff claims that he should have been "exempt from having [to take the drug abuse education program] because he would have fell [sic] under the Expo [sic] Factor Clause, being [sic] that the law required everyone after September 30, 1991 to participate under it's [sic] mandatory provisions, however, since [sic] petitioner has been in continuous custody since September 25, 1980, he should have been held under the 'grandfather Clause ['] and not required to be under mandatory guidelines."  To the extent that Plaintiff alleges that his required participation in the drug abuse education program violates his rights under the Ex Post Facto Clause, his claims should be dismissed <u>sua</u> <u>sponte</u>.

           Article I, § 10, of the Constitution forbids the States from passing <u>ex</u> <u>post</u> <u>facto</u> laws.  U.S. Const. Art. I, § 10, c. 1.  "[T]he focus of the <u>ex</u> <u>post</u> <u>facto</u> inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage' [to covered offenders] ... but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable."  <u>California Dep't of Corr. v. Morales</u>, 514 U.S. 499, n.3 (1995).  Here, Plaintiff's participation or refusal to participate in the drug abuse education program does not extend his sentence or increase the punishment for his criminal offenses.

2.     FTCA Claim

Plaintiff also alleges a claim under the FTCA.  Defendants contend that Plaintiff fails to establish a prima facie claim of negligence under the FTCA.[9]

The United States may be held liable only if the conduct complained of amounts to negligence "in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  Thus, liability under the FTCA is governed by state law.  Rayonier Inc. v. United States, 352 U.S. 315 (1957); Myrick v. United States, 723 F.2d 1158 (4th Cir. 1983)("In actions brought under the FTCA, federal courts applying the substantive law of the state in which the act or omission giving rise to the action occurred.").

Here, the alleged negligent acts occurred in Virginia.  For a plaintiff to establish a cause of action for common law negligence in Virginia, he must establish the following elements: "(1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach."  Talley v. Danek Medical, Inc., 179 F.3d 154, 157 (4th Cir. 1999).

Plaintiff fails to state a claim for negligence under the FTCA.  First, he fails to identify any duty the United States owed to him concerning his classification and the requirement that he participate in the BOP's drug abuse education program.  Further, he fails to show any breach of duty.

Plaintiff appears to argue that a duty is owed to him under 18 U.S.C. § 4042 which provides, in part:

---

[9]Defendants concede that Plaintiff has exhausted his administrative remedies under the FTCA.  Defendants' Motion to Dismiss at 8.

(a) In general.--The Bureau of Prisons...General, shall--
　　(1) have charge of the management and regulation of all Federal penal and correctional institutions;
　　(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
　　(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.

18 U.S.C. § 4042(a)(1)-(3).  There is no indication that requiring Plaintiff to attend a drug abuse education program violated any of these duties.  Plaintiff appears to allege that Defendants had a duty to properly determine whether he had to attend the drug abuse education program because an inmate who is required to attend the program and refuses to do so can only have a job which pays the lowest wage and is ineligible for a CCC.  Prisoners, however, have no entitlement to a job at a certain pay level, or even to any job.  See Altizer v. Paderick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978)(custody classifications and work assignments are generally within the discretion of the prison administrator); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980)("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); Alley v. Angelone, 962 F. Supp. 827, 834 (E.D.Va. 1997)(prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates).  Defendants provide that inmates in Plaintiff's situation (sentence length, offense severity, and not in a pre-release program) are not eligible for community programs, regardless of his participation in mandatory drug abuse education.  See 28 C.F.R. § 570.20; § 570.34; and § 570.35.  Additionally, the mere hope of a plaintiff for inclusion in a halfway house program does not implicate

12

constitutionally protected liberty interests.  <u>Hickson v. Burkhart</u>, 838 F.2d 1209 (4th Cir.1988);

<u>Pugliese v. Nelson</u>, 617 F.2d 916, 923 (2nd Cir.1980).

<u>CONCLUSION</u>

Based on review of the record, it is recommended that Defendants' motion to dismiss (Doc.

11) be granted.


Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

December 6, 2007

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).